# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| CLIFTON LEON KING, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 2:10-cv-01593-KOB-MHH |
| DR. J. MARINO, et al., | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

The magistrate judge filed a report and recommendation on January 22, 2013, recommending that the defendants' motions for summary judgment be granted and this cause be dismissed with prejudice. (Doc. 60). Mr. King, pro se, filed objections on August 29, 2013. (Doc. 70).[1]

In his objections, Mr. King reiterates his contention that Dr. Marino was deliberately indifferent to his knee pain because Dr. Marino failed to order x-rays for King's knee, and Dr. Marino prescribed analgesic muscle rub "for a non-muscular condition for his left knee." (Doc. 70, pp. 2-3). Mr. King also complains that Dr.

---

[1] On August 22, 2013, the court entered an order advising Mr. King that the court had not received his objections to the magistrate judge's report and recommendation. (Doc. 68). Mr. King "resubmitted" his objections and filed a new set of objections on August 29, 2013. The court docketed those objections on September 5, 2013. (Docs. 70 & 71). Mr. King's first and second sets of objections are extremely similar, but they are not identical.

Marino did not provide a knee brace or send him to a free world medical facility for treatment. *Id*. at 2. Mr. King asks the court to obtain an opinion from P. Barber, a medical doctor at Holman Correctional Facility, because she "knows eventually plaintiff will have to have surgery on left knee." *Id*. at 3.

As discussed at length in the magistrate judge's report and recommendation, the undisputed medical evidence shows that Dr. Marino treated Mr. King for his knee pain. (Doc. 60, pp. 3-8). Mr. King disagrees with Dr. Marino's medical opinion about the proper course of treatment; however, "a simple difference in medical opinion between the prison's medical staff and the inmate as to the latter's diagnosis and course of treatment [does not] support a claim of cruel and unusual punishment." *Harris v. Thigpen*, 941 F.2d 1495, 1505 (11th Cir. 1991). Moreover, an Eighth Amendment claim against Dr. Marino for deliberate indifference cannot rest on Mr. King's assertion that another prison doctor "knows eventually plaintiff will have to have surgery on left knee." *See Bismark v. Fisher*, 213 Fed. Appx. 892, 897 (11th Cir. 2007) ("Nothing in our case law would derive a constitutional deprivation from a prison physician's failure to subordinate his own professional judgment to that of another doctor; to the contrary, it is well established that 'a simple difference in medical opinion' does not constitute deliberate indifference.") (quoting *Waldrop v. Evans*, 871 F.2d 1030, 1033 (11th Cir. 1989)).

Mr. King also contends that Dr. Marino "ignored the proper standard procedure for a knee injury." (Doc. 70, p. 2). Again, in a § 1983 action for alleged deliberate indifference to a serious medical need, "[a] plaintiff cannot establish deliberate indifference simply by second guessing the conclusions reached by a prison medical official in the exercise of his medical judgment. Indeed, 'the question of whether governmental actors should have employed additional diagnostic techniques or forms of treatment 'is a classic example of a matter for medical judgment' and therefore not an appropriate basis for grounding liability under the Eighth Amendment.'" *Bismark*, 213 Fed. Appx. at 896 (quoting *Adams v. Poag*, 61 F.3d 1537, 1545 (11th Cir. 1995)).

At most, Mr. King's evidence may support the inference that Dr. Marino was negligent in diagnosing the severity of King's knee condition. *Bismark*, 213 Fed. Appx. at 897. But "'mere incidents of negligence or malpractice do not rise to the level of constitutional violations.'" *Id.* (quoting *Harris*, 941 F.2d at 1505).[2]

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation and the plaintiff's objections, the court finds that the magistrate judge's report is due to be and is hereby ADOPTED and her recommendation is ACCEPTED. The court EXPRESSLY FINDS that no genuine

---

[2] Mr. King objects only to the portion of the report and recommendation that pertains to Dr. Marino. He does not challenge the balance of the report. (Docs. 70-71).

issues of material fact exist, and the defendants are entitled to judgment as a matter of law. Accordingly, defendants' motions for summary judgment are due to be GRANTED and this action is due to be DISMISSED WITH PREJUDICE. The court will enter a Final Judgment.

DONE and ORDERED this 23rd day of September, 2013.

_____
KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE